CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 12 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DOMINIQUE HERMAN ADAMS, | ) | CASE NO. 7:15CV00193 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| RDA K. GIVENS, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Dominique Herman Adams, an inmate at Wallens Ridge State Prison proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Adams alleges that the defendant dental assistant delayed more than five months in scheduling him to have a tooth pulled, in violation of his constitutional rights. After review of the record, the court concludes that Adams' complaint must be summarily dismissed without prejudice.

These are the relevant facts. On July 10, 2014, Adams filed a medical request to have a cracked tooth pulled, because it was causing pain whenever he ate or drank anything. The dental assistant responded that his request had been received. On December 14, 2014, Adams submitted an informal complaint about the delay in getting his tooth pulled. Adams stated that the tooth had since been broken during an assault and was causing severe pain. Two days later, in the dental unit, the dental assistant told Adams that he had an infection which required immediate removal of the tooth. When Adams filed a grievance about the delay in getting his tooth pulled, the warden ruled the grievance unfounded, because Adams had not submitted his initial request for care on the proper form for requesting emergency dental treatment.

Under 28 U.S.C. § 1915A(b)(1), when a prisoner sues government officials, the court must screen and summarily dismiss as soon as practicable any suit or portion thereof that is

frivolous, malicious, or fails to state a claim. To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Only a prison official's deliberate indifference to an inmate's serious medical need violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official is "deliberately indifferent" if he or she "knows of and disregards [or responds unreasonably to] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). An official's intentional act or omission that merely delays an inmate's access to necessary medical care may state a constitutional claim if plaintiff shows that the defendant's conduct resulted in substantial harm to the patient. Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) (citing other cases).

Adams has not shown deliberate indifference, because he has not stated facts from which the defendant must have known that his condition required quicker treatment than he received. Adams' July request, which was not on the required form for emergency care, did not state that the damaged tooth was causing severe pain, and then he waited until December to file a follow up request. Adams also has not demonstrated that the infection in his mouth was caused by the defendant's delay in scheduling his dental examination, rather than by some other intervening

2

event, such as the assault that broke the tooth. Because Adams' allegations fall short of stating the necessary elements of an Eighth Amendment claim regarding deliberate indifference to a serious medical need, the court will summarily dismiss his complaint under § 1915A(b)(1). An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 11th day of May, 2015.

                                                     /s/ Jsen Conrad
                                                    Chief United States District Judge